**Manuel LEWIS, Plaintiff–Appellant,**

v.

**RICHMOND CITY POLICE DEPART-MENT, Director of Public Safety, City Manager, Defendants–Appellees.**

**No. 90–6365.**

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1991.

Decided Oct. 22, 1991.

Heather Young, Third–Year Law Student, Postconviction Assistance Project, University of Virginia School of Law, Charlottesville, Va., argued (Richard J. Bonnie, on brief), for plaintiff-appellant.

William Joe Hoppe, Sr. Asst. City Atty., Richmond, Va., argued, for defendants-appellees.

Before PHILLIPS, Circuit Judge, STAKER, District Judge for the Southern District of West Virginia, sitting by designation, and KAUFMAN, Senior District Judge for the District of Maryland, sitting by designation.

## OPINION

PER CURIAM:

Manuel Lewis, an incarcerated pro se litigant, deposited a civil complaint in his prison's mailbox two days before the expiration of the applicable statute of limitations. The complaint was addressed to the clerk of the district court, who received it one day after the time period expired. The district court dismissed the action as untimely and Lewis now appeals.

The issue presented is whether the complaint was "filed" within the meaning of Federal Rules of Civil Procedure 3 and 5(e) when the prisoner delivered the complaint to prison authorities for mailing to the clerk of the district court. Reviewing this matter under a de novo standard, we hold that it was, and reverse the district court's decision. In so doing, we extend the ruling in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

### Facts

In 1989, Manuel Lewis was a prisoner at the Botetourt Correctional Unit #25 in Troutsville, Virginia. On August 24th of that year he signed a pro se civil complaint and dropped it into the wooden box at the facility which is designated for prisoner mail. The letter was addressed to the District Court for the Eastern District of Virginia, Richmond Division. The log in which outgoing prisoner legal mail is recorded substantiates Lewis' account of the exchange.

The complaint arises out of an August 26, 1987 incident in which the prisoner claims that four unknown Richmond police officers used excessive force while arresting him for robbery. The complaint was brought pursuant to 42 U.S.C. § 1983 and is unrelated to his present incarceration. The district court clerk received the com-

plaint on August 29, 1989,[1] but did not stamp it as "filed" until February 16, 1990. The district court determined that Virginia's two-year statute of limitations for personal injury applied. The court further determined that the date of receipt by the clerk was applicable in tolling the limitations period, rather than the date the complaint was marked "filed." The court nevertheless dismissed the complaint as untimely filed, and Lewis appealed.

### Analysis

#### 1. Federal Law Controls

■ There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985). Virginia has a two-year statute of limitations for personal injury claims. Va.Code Ann. § 8.01–243(A).

The defendant City of Richmond argues that when the state limitations period is borrowed, the state tolling provision similarly applies. This argument ignores the historical distinction between diversity cases and actions such as this, involving a federal question. In federal question cases, although the limitations period is borrowed, the tolling provisions generally are not. *See West v. Conrail,* 481 U.S. 35, 39, 107 S.Ct. 1538, 15—, 95 L.Ed.2d 32 (1987). *See also* 4 C. Wright and A. Miller, *Federal Practice and Procedure* § 1056 (1987) and cases cited therein. Accordingly, the Federal Rules of Civil Procedure govern the commencement of this suit for purposes of tolling the state statute of limitations. Rule 3 states, "A civil action is commenced by filing a complaint with the court." As long as the complaint is deemed filed within the limitations period, the action is timely.

#### 2. *Houston v. Lack* Should Be Extended

■ In *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a Tennessee prisoner, acting pro se, drafted a notice of appeal from the dismissal of his habeas corpus petition. Twenty-seven days after the adverse judgment was entered the prisoner submitted the notice to prison authorities for mailing to the district court. Receipt was noted in the prison log of outgoing mail. The notice was stamped "filed" by the district court clerk thirty-one days after the district court's judgment was entered—one day too late for the 30–day filing period as set forth in Fed. R.App.P. 4(a)(1). The Sixth Circuit eventually dismissed the appeal, its untimeliness having deprived the appellate court of jurisdiction. The Supreme Court reversed and deemed the appeal notice filed at the time the petitioner relinquished control of it to prison officials.

Fundamentally, the rule in *Houston* is a rule of equal treatment; it seeks to ensure that imprisoned litigants are not disadvantaged by delays which other litigants might readily overcome. It sets forth a bright line rule—that filing occurs when the petitioner delivers his pleading to prison authorities for forwarding to the court clerk.

The concerns which prompted the Supreme Court's ruling in *Houston* are equally present in the case at hand. The litigants are similarly situated. Both are incarcerated pro se litigants who are unable to monitor the process of the mails as are other litigants. They are unaware of delays and unable to rectify any problems even if they were apprised of them. They cannot deliver a copy of their document to the clerk by hand, and do not have access to express mail services. They must rely on correctional authorities, who may be motivated to delay the filing. If the pleading is delayed, they have no way to determine the cause and possibly obtain evidence to support a finding of excusable neglect. Because they are acting pro se, they do not have an attorney who can monitor the process for them. Furthermore, correctional facilities maintain records of outgoing prisoner mail, thereby

---

**1.** August 26, 1989 was a Saturday, so in accordance with Fed.R.Civ.P. 6(a), Mr. Lewis had until Monday, August 28, 1989 to file his claim.

minimizing disputes and uncertainties regarding the moment of filing.

*Houston* does not create an exception by which incarcerated litigants may avoid time restrictions. It does not subvert the policies—those of speedy resolution and repose—which underlie the imposition of time limitations during which potential litigants may file suit. It simply provides that a statute of limitations has the same practical effect on every pro se prisoner litigant it governs. The length of the time restriction involved is irrelevant. Limitations periods themselves make no distinction between those who file early and those who file late. The *Houston* rule merely serves to create functionally equivalent time bars and provide equal access to the courts for pro se prisoner litigants.

The language of Federal Rule of Civil Procedure 5(e) is so similar to the Rules at issue in *Houston* (Federal Rules of Appellate Procedure 3(a) and 4(a)(1)) that it permits an identical interpretation. Fed. R.Civ.P. 5(e) states, "The filing of pleadings and other papers with the court as required by these rules shall be made by *filing them with the clerk of the court...*" (emphasis added). Fed. R.App.P. 3(a) provides, in pertinent part, "An appeal ... shall be taken by filing a notice of appeal with the clerk of the district court...." Fed.R.App.P. 4 says that a notice of appeal "shall be filed with the clerk of the district court...." The Supreme Court interpreted the Appellate Rules to require only that the pleading be "directed to" the clerk of the district court when it is delivered to jail officials. *Houston's* interpretation of "filing" is therefore suitable to the present case.

Finally, *Houston* itself gives no indication that it should be limited to habeas corpus appeals. Both *Houston* and the case at hand are civil matters and other circuits have extended the filing rule in civil contexts. *See Hostler v. Groves,* 912 F.2d 1158, 1160 (9th Cir.1990) (applying the filing rule to non-habeas civil appeals), *cert. denied,* —— U.S. ——, 111 S.Ct. 1074, 112 L.Ed.2d 1180 (1991); *Smith v. Evans,* 853 F.2d 155, 161 (3d Cir.1988) (considering *Houston* with regard to a Fed.R.Civ.P. 59(e) motion to alter or amend a district court judgment).

### *Conclusion*

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings on the motion to dismiss certain parties defendant.

REVERSED AND REMANDED.