### LeAndru HIGGENBOTTOM, Plaintiff,

v.

### Officer Ed McMANUS, Officer Billy M. Griggs, and Paducah Police Department, Defendants.

### Civ. A. No. C93–0118–P(H).

United States District Court,
W.D. Kentucky,
Paducah Division.

Jan. 10, 1994.

LeAndru Higgenbottom, pro se.

William E. Pinkston, Denton & Keuler, Paducah, KY, for defendants.

## MEMORANDUM OPINION

HEYBURN, District Judge.

Defendants contend that the statute of limitations governing Plaintiff's civil rights lawsuit mandates the dismissal of this litigation. The Court believes, however, that the "mailbox rule" described by the Supreme Court in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), applies to the facts in this case, and that Plaintiff accordingly satisfied the statute of limitations when

---

he mailed his Complaint within the limitations period. The Court shall therefore deny Defendants' Motion.

## I.

■ Plaintiff, a state prisoner acting pro se, contends that officers of the Paducah Police Department used unnecessary force when they arrested him on April 5, 1992. The District Court Clerk received Plaintiff's Complaint on April 6, 1993. Plaintiff accordingly exceeded, by one day, the deadline imposed on Plaintiff's lawsuit by the one-year statute of limitations set forth in Ky.Rev. Stat. 413.140(1)(a). *See Vandiver v. Hardin County Bd. of Educ.*, 925 F.2d 927, 930 (6th Cir.1991).

Plaintiff had mailed his Complaint with the assistance of employees of the Eastern Kentucky Correctional Complex (EKCC). That facility collects inmate mail each weekday morning between 7:30 and 8:00 a.m. (Wooden Aff., Defs.' Mot. to Dismiss, Supplemental Brief, Ex. 1.) Prison officials take the mail to the local post office by 3:00 p.m. the same day. (*Id.*) The prison ordinarily makes no record of inmates' outgoing mail, (*id.*); it is therefore impossible to identify the precise date Plaintiff deposited his Complaint in the prison mail system.[1] It is clear, however, that Plaintiff's Complaint had entered the EKCC mail system before the statute of limitations governing his cause of action had expired. The Clerk of the Court received the Complaint one day after the limitations period lapsed; the Complaint therefore must have been placed in the EKCC mail system by no later than the previous morning, while the statutory period was still active.

A party whose complaint reaches the Clerk after the statute of limitations has expired ordinarily cannot maintain a lawsuit, even if the complaint was placed in the mail during the limitations period. *See* Fed.R.Civ.P. 3

and 5(e). However, the Supreme Court has demonstrated a willingness to extend a special "mailbox rule" to persons who are incarcerated and are filing their legal documents *pro se. Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The *Houston* opinion applied this exception to the filing of notices of appeal, *id.* at 270, 108 S.Ct. at 2382; at least one Circuit Court has extended the rule to include complaints filed by prisoners *pro se. See Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735–36 (4th Cir.1991). The Fourth Circuit described the *Houston* exception as "a rule of equal treatment", one that "seeks to ensure that imprisoned litigants are not disadvantaged by delays which other litigants might readily overcome." *Lewis*, 947 F.2d at 735.

The Supreme Court's decision in *Houston* proceeded from the fundamental observation that

> whereas the general rule has been justified on the ground that a civil litigant who *chooses* to mail a notice of appeal assumes the risk of untimely delivery and filing, a *pro se* prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court clerk.

*Houston*, 487 U.S. at 275, 108 S.Ct. at 2384 (emphasis in original, citation omitted). The same is true in the case at hand. Unlike the ordinary litigant, Plaintiff could not personally deliver his Complaint to the Court Clerk; he could not personally deposit his document at a United States Post Office; he had no lawyer to monitor the filing status of his Complaint; he could not personally take steps to cure delays in the processing of his legal documents. *See id.* at 271, 108 S.Ct. at 2382. Extending *Houston*'s mailbox rule to Plaintiff under such circumstances extends no special privilege to him, but merely takes

---

1. The prison offers an alternative mail system to inmates sending legal documents. (Wooden Aff., Defs.' Mot. to Dismiss, Supplemental Brief, Ex. 1.) Inmates wishing to use this "legal mail" procedure may deliver their mail to a corrections officer in the EKCC law library any time prior to 2:00 p.m. (*Id.*) That officer then forwards the parcel to the prison's mailroom, where it is added to the "regular mail" collected earlier that day and then taken to the local post office. (*Id.*) It is not clear whether the prison routinely keeps a record of documents processed through its legal mail system. Plaintiff in any event did not

into consideration the unique disabilities that Plaintiff's status forces upon him.[2]

A mailbox exception is of little value, however, if a party cannot establish the date it placed its complaint in the mailbox. In the absence of such proof, it becomes more plausible that a complaint which was *received* after the statute of limitations had expired was also *mailed* after the period had lapsed, and the mailbox rule obviously cannot save a complaint that did not even enter the mailbox during the limitations period. The Supreme Court saw little danger that this evidentiary problem would arise in the ordinary case, however. "[R]eference to prison mail logs will generally be a straightforward inquiry," the Court said; where the prison's mail system records the date each letter is deposited for processing, "making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." *Houston*, 487 U.S. at 276, 108 S.Ct. at 2385; *see also Lewis*, 947 F.2d at 735–36 (noting that the maintenance of records regarding outgoing prisoner mail "minimiz[es] disputes and uncertainties regarding the moment of filing").

But EKCC keeps no records identifying the date that a particular letter was deposited in its prison mail system. The prison, since it lacks "well-developed procedures for recording the date and time at which they receive letters for mailing", accordingly cannot "readily dispute a prisoner's assertions that he delivered the paper on a different date." *See Houston*, 487 U.S. at 277, 108 S.Ct. at 2385. Indeed, Plaintiff insists that he placed his Complaint in the EKCC mail system on April 1, 1993, but can provide no direct proof of this fact; neither can EKCC effectively challenge Plaintiff's contention. This mutual failure of evidence would ordinarily blur the bright line the Supreme Court had hoped to draw in *Houston*, and such uncertainty might prevent the application of the mailbox rule.

The material issue, however, is not the *precise* date Plaintiff mailed his Complaint, but whether Plaintiff deposited his Complaint in the EKCC mail system on *any date prior* to the expiration of the statute of limitations. Fortunately for Plaintiff in this case, it seems beyond dispute that his Complaint entered the EKCC mail system before the limitations period had expired. The fact that the parties may never be able to determine precisely when Plaintiff mailed his Complaint should not prevent the application of the mailbox rule in this litigation.

## II.

■ Plaintiff included the Paducah Police Department among the Defendants from whom Plaintiff seeks relief. The Department contends that under Kentucky law it has no legal or corporate existence apart from the City of Paducah, and that the Department accordingly is not a "person" subject to liability under 42 U.S.C. § 1983. (*See* Defs.' Mem. in Support of Mot. to Dismiss at 3–4.) The Department explains that "municipal police departments are structured as mere divisions of city government, for the acts and omissions of which the city itself may be liable, but which do not have a separate legal existence of their own." (*Id.*) Plaintiff has made no response to this argument, and the Court has not identified any law that contradicts the Department's assertions. The Court shall therefore dismiss that part of Plaintiff's Complaint that seeks to recover damages from the Department.

## III.

Plaintiff apparently has not yet completed service of process with respect to Defendants City of Paducah and Acting Police Chief Jimmy Ford. Both Defendants ask the Court to dismiss Plaintiff's Complaint for this

make use of the legal mail procedure when he mailed his Complaint. (*Id.*)

2. It is obviously incorrect for Defendants to contend that EKCC's mail system "operates as any other ordinary mailbox in which a person drops correspondence." (Defs.' Reply in Support of Summ. J. at 4.) A letter deposited in an EKCC mailbox at 7:31 a.m. on a Friday morning, for example, might not reach the local post office until after 3:00 p.m. the following Monday afternoon. (*See* Wooden Aff., *supra*.) Surely the EKCC mail system cannot pretend to be the equivalent of the postal service available to the ordinary citizen, who can expect that a letter placed in a mailbox Friday morning will at least reach the local post office by Friday afternoon.

reason. (Mem., Defs.' Mot. to Dismiss, at 8.) *See* Fed.R.Civ.P. 12(b)(4), (b)(5). The Rules of Civil Procedure recommend a different approach than the one Defendants urge, however. *See* Rule 4(j). Rather than mandating immediate dismissal, Rule 4(j) requires the Court to notify Plaintiff that his failure to complete service of process will result in dismissal of his claims against Defendants City and Ford, without prejudice, unless Plaintiff can show good cause why his action should not be dismissed. The Order accompanying this Memorandum Opinion shall grant Plaintiff 30 days to make this showing.

## ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss. The Court having reviewed this matter, having set out its findings in a Memorandum Opinion, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss shall be **DENIED** to the extent that it seeks dismissal of Plaintiff's cause of action on the basis of the statute of limitations, KRS 413.140(1)(a); but

IT IS FURTHER ORDERED that Defendant Paducah Police Department's Motion to Dismiss, which contends that the Department is not a "person" subject to liability under 42 U.S.C. § 1983, shall be **GRANTED;** and

IT IS FURTHER ORDERED that Plaintiff shall show good cause why he has failed to make service of process upon Defendants City of Paducah and Chief Jimmy Ford. Plaintiff must make this showing to the Court, in writing, within 30 days. Defendants City and Chief Ford shall have 15 days to respond to Plaintiff's showing, if they so choose.