UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-7251

JUAN CARLOS ESCOBAR,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-92-36-MU, CA-97-230-MU)

Submitted: August 25, 1998

Decided: September 10, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Juan Carlos Escobar, Appellant Pro Se. Kenneth Davis Bell, OFFICE
OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Juan Carlos Escobar appeals from the district court's order dismissing his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) as barred by the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (effective Apr. 24, 1996). Escobar's conviction became final in January 1994. Because the conviction became final prior to implementation of the one-year limitation period, Escobar had until April 23, 1997, in which to file his § 2255 motion. See Brown v. Angelone, ___ F.3d ___, 1998 WL 389030 (4th Cir. July 14, 1998) (Nos. 96-7173, 96-7208).

Escobar's § 2255 motion was dated and sworn on April 22, 1997 and filed in the district court on April 25, 1997. We conclude that the motion was not time barred. See Houston v. Lack , 487 U.S. 266, 276 (1988) (notice of appeal is deemed filed when it is delivered to prison officials); see also Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (applying Houston to the filing of habeas petition); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735-36 (4th Cir. 1991) (applying Houston to filing of civil rights complaint for statute of limitation purposes).

Accordingly, we grant a certificate of appealability on this issue, vacate the district court's order, and remand for further proceedings. We deny Escobar's motion for preparation of a transcript at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

2