UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-7050

CLODOALDO FAUSTINO SALAS, a/k/a
Aldo Salas,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Graham C. Mullen, District Judge.
(CR-93-12-MU, CA-97-132-3-4-MU)

Submitted: October 20, 1998

Decided: November 16, 1998

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Clodoaldo Faustino Salas, Appellant Pro Se. Brian Lee Whisler,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant appeals from the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) as barred by the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (effective Apr. 24, 1996). Subsequent to the district court's order, we concluded that "a prisoner whose statutory right to seek federal habeas relief accrued prior to the AEDPA must receive a reasonable period of time after the statute's effective date to file his petition." See Brown v. Angelone , 150 F.3d 370, 374 (4th Cir. 1998). We determined that a reasonable period is one year from the effective date of the AEDPA--April, 23, 1997. Id. at 375.

Because Appellant's conviction became final prior to the implementation of the one-year limitation period, Appellant had until April 23, 1997, in which to file his § 2255 motion. Appellant's § 2255 motion was dated and sworn on April 22, 1997, and filed in the district court on April 28, 1997. We conclude Appellant's motion was not time barred. See Houston v. Lack, 487 U.S. 266, 276 (1988) (notice of appeal is deemed filed when it is delivered to prison officials); see also Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (applying Houston to the filing of habeas); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735-36 (4th Cir. 1991) (applying Houston to filing of civil rights complaint for statute of limitation purposes).

Accordingly, we grant a certificate of appealability on this issue, vacate the district court's order, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

2