**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                  No. 97-7520

ALLEN STEPHON MARSHBURN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-90-33, CA-97-78-4-BO)

Submitted: September 22, 1998

Decided: November 19, 1998

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Allen Stephon Marshburn, Appellant Pro Se. Jane J. Jackson, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Allen Stephon Marshburn appeals from the district court's orders dismissing his motions filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), as barred by the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (effective Apr. 24, 1996), and denying his motion for reconsideration. Marshburn's conviction became final in April 1992. Because Marshburn's conviction became final prior to implementation of the one-year limitation period, Appellant had until April 23, 1997, in which to file his § 2255 motion. See Brown v. Angelone, 150 F.3d 370, 375-76 (4th Cir. 1998).

Marshburn's § 2255 motion was dated under the penalty of perjury on April 22, 1997, and filed in the district court on April 25, 1997. We conclude that Marshburn's motion was not time-barred. See Houston v. Lack, 487 U.S. 266, 276 (1988) (notice of appeal is deemed filed when it is delivered to prison officials); see also Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (applying Houston to the filing of habeas petition); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735-36 (4th Cir. 1991) (applying Houston to filing of civil rights complaint for statute of limitations purposes).

Accordingly, we grant a certificate of appealability on this issue, vacate the district court's order, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

2