**Philip MCAFEE, Jr., Petitioner,**

v.

**Ronald J. ANGELONE, Respondent.**

No. CIV.A. 7:99–CV–00571.

United States District Court,
W.D. Virginia,
Roanoke Division.

March 17, 2000.

Philip Edward McAfee, Jr., Mitchells, VA, pro se.

Robert H. Anderson, III, Office of Atty. General, Richmond, VA, for Respondent.

*AMENDED MEMORANDUM OPINION*

TURK, District Judge.

Petitioner McAfee, proceeding *pro se*, brings this action as a petition for writ of habeas *corpus*, pursuant to 28 U.S.C. § 2254. In his petition, McAfee challenges the validity of his 1997 conviction in the Circuit Court for Rockingham County for petit larceny and leaving the scene of an accident. The court sentenced him to ten years, with six years suspended. The respondent has filed a motion to dismiss to which petitioner has responded, making the matter ripe for the court's consideration. Upon review of the record, the court finds that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to § 2254 petitions. *See* 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AED-PA).

Pursuant to 28 U.S.C. § 2244(d)(1), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of——
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)–(D).

Subsections (B), (C), and (D) of Section § 2244(d)(1) clearly do not apply to McAfee's case. He does not allege any facts indicating that state officials impeded his ability to file a federal habeas petition concerning his claims. Nor do any of his claims rely upon a constitutional right newly recognized by the United States Supreme Court. Moreover, he clearly knew the facts necessary to support his claims at the time of trial or appeal in 1997, regardless of when he recognized that the facts might give rise to a constitutional claim..

 The timeliness of McAfee's petition must be calculated, then, under § 2244(d)(1)(A), based upon the date on which his convictions became final. Under this section, a conviction becomes final once the availability of direct appeal is exhausted. *See United States v. Simmonds,* 111 F.3d 737, 744 (10th Cir.1997); *Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). McAfee did not appeal his conviction. He did file a motion in the trial court for reduction or suspension of sentence. The court denied that motion by order dated August 13, 1997. Under Virginia law, McAfee had thirty days from the entry of judgment to appeal his conviction. Using August 13, 1997 as the date of the judgment, then, his time to appeal expired and his conviction became final, at the latest, on September 12, 1997. On that date, his one-year time period under § 2244(d)(1)(A) to file a § 2254 petition began running. When McAfee executed his state habeas petition on June 2, 1998, the running of the limitation period was tolled, or stopped, for the pendency of that habeas action. *See* § 2244(d)(2). At that point, McAfee had allowed approximately eight months of the § 2244(d)(1)(A) period to expire, from September 1997 to June 1998, leaving him less than four months in which to file his federal petition once the state petition was de-

nied. The federal limitation period started running again when the Virginia Supreme Court denied McAfee's habeas petition by order dated November 24, 1998. Yet McAfee did not execute his federal petition until June 23, 1999, seven months later. Even considering the date of execution as the date of filing, pursuant to *Lewis v. Richmond City Police Dep't,* 947 F.2d 733 (4th Cir.1991), the court finds that McAfee filed his petition after his one-year statutory filing period under § 2244(d) had expired.

 McAfee argues that the § 2244(d) period did not begin running until expiration of the two-year time period allowed for him to file a state habeas petition, pursuant to Virginia Code § 8:01–254(B)(2). It is undisputed that his state petition was timely filed under § 8.01–654 and that the Supreme Court of Virginia addressed his claims on the merits. However, § 2244(d)(1)(A) prescribes a one-year period from the "conclusion of direct review or the expiration of the time for seeking such review." This language cannot logically be interpreted to include the entire time period allowed under state law for filing a state habeas petition. First, § 2244(d)(2) expressly addresses the effect of state habeas proceedings on the timeliness of a federal habeas petition; a properly filed state petition stops the federal time clock only while the state petition is pending. Moreover, before Virginia Code § 8.01–654(B)(2) took effect in July 1998, inmates in Virginia had no statutory time limit for filing state habeas petitions. The language of § 2244(d)(1)(A) would be nonsensical if interpreted to allow a petitioner to delay the commencement of the federal limitation period simply by delaying habeas proceedings in the state court as long as statutorily possible. Thus, the court finds no merit in petitioner's arguments concerning Virginia Code § 8.10–654(B)(2).

Based on the foregoing, the court concludes that McAfee's § 2254 petition is untimely under § 2244(d)(1)(A), and must be dismissed accordingly, pursuant to Rule

4 of the Rules Governing § 2254 Proceedings. This rule allows a judge to dismiss a habeas petition if it is clear from the face of the petition that the petitioner is not entitled to relief. An appropriate order shall be entered this day.

The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this Amended Memorandum Opinion and accompanying Order to petitioner and to counsel of record for the respondent.

In accordance with the written memorandum opinion entered this day, it is hereby

### ADJUDGED AND ORDERED

that this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, shall be and hereby is **FILED** and **DISMISSED** as untimely, pursuant to Rule 4 of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2244(d)(1); that petitioner's motion for Rule 11 sanctions against the respondent shall be and hereby is **DENIED**; and that this action is stricken from the active docket of this court.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to the petitioner and to counsel of record for the respondent.