William R. ROMINES, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. CIV. A. 7:99–CV–00728,
CR. 1:95–CR–00052.

United States District Court,
W.D. Virginia,
Roanoke Division.

Oct. 30, 2001.

William Ronnie Romines, Leavenworth, KS, pro se.

Rick A. Mountcastle, U.S. Attorney's Office, Abingdon, VA, for respondent.

### *MEMORANDUM OPINION*

TURK, District Judge.

Petitioner William R. Romines, a federal inmate proceeding *pro se,* brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. In his petition, Romines chal-

lenges the validity of his 1996 convictions for unlawfully kidnaping Shannon Leigh Romines, in violation of 18 U.S.C. § 1201(a)(1), causing Ms. Romines to cross from Tennessee into Virginia by force and intentionally committing an act that injured her in violation of a valid protective order entered by the state of Tennessee, in violation of 18 U.S.C. § 2262(a)(2), and transporting a stolen motor vehicle in interstate commerce, in violation of 18 U.S.C. § 2312. The respondent has filed a response to petitioner's motion and a motion to dismiss. Petitioner has responded to the government's pleadings, making the matter ripe for the court's consideration. Upon review of the record without need for conduct of an evidentiary hearing, the court finds no ground upon which petitioner is entitled to habeas relief under § 2255.

### I.

■ On November 1, 1995, Virginia State Police officers arrested Romines in Virginia following a high speed chase. The next day federal officials filed a complaint charging him with the above listed charges, and on December 6, 1995, a federal grand jury later indicted him on these charges. On August 16, 1996, after a three day trial, a jury found Romines guilty on all charges. The court accepted the jury's verdict and ordered a presentence report. After conducting a sentencing hearing on November 7, 1996, the court sentenced Romines to 151 months imprisonment on the kidnaping offense and 60 months each on the remaining offenses, to run concurrent. Romines appealed, challenging the sufficiency of the evidence in several respects. By order entered March 13, 1998, the United States Court of Appeals for the Fourth Circuit affirmed the convictions. On October 5, 1998, the United States Supreme Court denied Romines' petition for writ of certio-rari. Romines signed and dated this motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, on September 24, 1999. With no evidence to the contrary, the court presumes that he also delivered his motion on that day to prison officials for mailing. An inmate's civil action is commenced for purposes of the statute of limitations as soon as he delivers his pleading to prison authorities for mailing. *Lewis v. Richmond City Police Dept.*, 947 F.2d 733 (4th Cir.1991).

The following evidence was presented at trial. In November 1995, Romines and his wife, Shannon Romines, had been separated for several months, and Shannon was living in a separate residence with the couple's two-year-old baby. On November 1, 1995, after a heated exchange with Shannon on the telephone, Romines appeared at her house, grabbed her by the hair, beat her until both her eyes were black, choked her until she urinated on herself, took the keys to her recently leased car, took the baby and headed outside with Shannon following. Shannon tried to run away with the baby, but Romines took the boy and put him in her car. Shannon got in, too. She testified that she believed she did not have a choice, since Romines had the baby. Romines showed her a knife and cut the car seat to show her its sharpness. He then drove her out of Knoxville, Tennessee, on an interstate highway. He made at least four stops. During these stops, he forced Shannon to call her parents and her attorney to tell them that she did not want to go through with divorce and that she was with Romines willingly. Shannon testified that she did as Romines instructed and did not try to escape during any of these stops because she was afraid of Romines and because he had the baby. At the last stop, Romines caught Shannon trying to pass her father's telephone number to a clerk

and forced her back into the car by threatening to kill the baby. Ultimately, he drove the car into Virginia, led state troopers in a high speed chase before being finally apprehended as he fled the car on foot. Romines attempted to show at trial and on appeal that Shannon left with him willingly, but later changed her story.

Romines offers two other pieces of evidence in support of his current claim. First, he points to a statement by the court at his sentencing:

> I would tell you if I had been sitting on the jury I would not have found you guilty of kidnaping. I would not have because I think that ... when you started out it was a voluntary arrangement, and if it wasn't, I think she had ample opportunities to escape.... I would not have voted guilt. But I think there is sufficient evidence from which a jury could find you guilty of kidnaping if they wanted to believe it.

Romines also submits evidence that in January 1998, a Knox County jury acquitted Romines of kidnaping charges under Tennessee law. Romines argues that this evidence supports his § 2255 claims that the evidence was insufficient to support a federal conviction.

The court construes Romines' § 2255 motion as raising the following claims:

1. Romines is a United States citizen, entitled to rights, privileges, immunities and equal protection guaranteed to United States citizens under the Constitution and laws of the United States.

2. Under Article VI, clause 3, of the Constitution, this court must apply the Constitution and laws to protect Romines' rights, privileges and immunities in ruling on his § 2255 claims.

3. The Government, the district court and defense counsel violated Romines' right to a speedy trial under the Sixth Amendment.

4. The government failed to present sufficient evidence to support Romines' conviction for kidnaping in violation of 18 U.S.C. § 1201(a)(1) because

 a. the prosecutor failed to present any evidence that Romines' wrongful acts were committed knowingly and willingly.

 b. the only evidence the prosecutor presented as to Shannon Romines' lack of consent was the victim's own testimony, which is insufficient to sustain a conviction.

5. The kidnaping conviction should be set aside because the district court judge stated that he would not have found Romines guilty, which supports a finding that the evidence was insufficient to satisfy the "intent" element of the kidnaping offense.

Romines also moves to amend his § 2255 motion to bring another claim, alleging that the court's instructions to the jury as to the elements of the kidnaping offense were defective in some unidentified way.[1] The court grants this motion, but finds no need for a response from the government.

---

**1.** By standing order, the court has referred all nondispositive motions, such as motions to amend, to the United States Magistrate Judge. *See* Standing Order of Court entered September 19, 1988 (Appendix I to the court's filing order in this case). The Magistrate Judge denied petitioner's motion to amend to raise a claim concerning the jury instructions because Romines' motion did not state what his amendment was. The court construes Romines' complaints about the Magistrate Judge's order as a renewed motion to amend to raise the jury instruction claim.

In his response to the government's motion to dismiss, Romines expressly withdraws his speedy trial claim. The court grants this request to withdraw. In any event, the court finds no merit to the claim.

## II.

 Once a claim or an issue has been fully considered and decided by the Court of Appeals, the defendant cannot relitigate the claim before this court under § 2255. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.1976). The Court of Appeals has already determined that the evidence was sufficient to support Romines' conviction for kidnaping. This ruling bars habeas review of any claim that the evidence was insufficient, based on evidence and argument that Romines could have presented during the appeal. *Id.* Where the defendant in § 2255 proceedings attempts to raise new arguments or evidence in support of a previously raised claim, district court review of the issue is barred absent (1) a showing of cause for his failure to present the new material earlier and (2) actual prejudice, or a showing of actual innocence. *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Both of the "new" pieces of evidence Romines offers in support of Claims 4 and 5—the state court acquittal and the district judge's statements at sentencing— were known to him before the Fourth Circuit decided his appeal. He certainly could have pointed to the judge's statements in his original appeal briefs, along with the alleged insufficiency of Shannon's testimony and the alleged lack of evidence of intent. Moreover, he could have moved to amend the appeal pleadings with evidence of the state court's decision to acquit. Finally, he could have raised on appeal his claim of defective jury instructions and his Claims 1 and 2, regarding his

constitutional rights. Romines has made no showing of cause to excuse his failure to present this evidence and argument to the Court of Appeals. Thus, the court is barred from reviewing these claims. *Id.*

 In any event, these claims do not merit relief. Claims 1 and 2 are, at most, vague statements regarding the existence of constitutional rights for criminal defendants and habeas petitioners. Section 2255 authorizes habeas relief only upon a showing that the petitioner's sentence was imposed in violation of the constitution or other federal laws. Claims 1 and 2 make no such showing and, therefore, cannot merit habeas relief.

 Evidentiary sufficiency is a federal constitutional claim. *Jackson v. Virginia*, 443 U.S. 307, 321, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A criminal defendant may only be convicted upon proof beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The standard of review on habeas corpus is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. This court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the evidence presented. *United States v. Burgos*, 94 F.3d 849, 858 (4th Cir.1996)(en banc), *cert. denied*, 519 U.S. 1151, 117 S.Ct. 1087, 137 L.Ed.2d 221 (1997); *United States v. Tresvant*, 677 F.2d 1018 (4th Cir.1982). In reviewing the sufficiency of the evidence, this court does not weigh the evidence nor consider the credibility of witnesses. *See United States v. Arrington*, 719 F.2d 701, 704 (4th Cir.1983). As stated by the Fourth Circuit, the necessary elements of Romines' kidnaping of-

fense are: "1) the transportation in interstate commerce; 2) of an unconsenting person who is; 3) held for ransom, reward or otherwise, and 4) the acts were committed knowingly and willingly." *Romines, supra, quoting United States v. Osborne,* 68 F.3d 94, 100 (5th Cir.1995). It is well established that the uncorroborated testimony of a single witness may be enough to withstand a challenge to the sufficiency of the evidence. *United States v. Arrington,* 719 F.2d 701, 705 (4th Cir.1983).

█ Given the evidence as summarized herein and in more detail in the Fourth Circuit's opinion, and as argued in Romines' pleadings, the court finds that a rational trier of fact could find the necessary elements of the offense. The facts support the jury's finding that Romines forced his wife to go with him against her will in an effort to coerce her into halting divorce proceedings so they could remain married and live together again as a family. The evidence certainly supports a finding that he intended for Shannon to go with him and the baby, that he knew she did not want to go, and that he knew he was transporting her along an interstate highway. From their common knowledge of such highways and highway signs, the jury could conclude that Romines knowingly transported Shannon over state lines. Shannon's own testimony, along with circumstantial evidence, sufficiently supports a finding that Shannon did not leave willingly with Romines, that she went with

him out of fear for the baby's safety and her own safety.[2] The fact that the trial judge and a jury in Knox County, Tennessee, did not find the evidence sufficient to convict Romines of kidnaping does not undermine this court's ruling on sufficiency. Obviously, the Tennessee jury did not draw all inferences in favor of the government, as the court must on habeas review. *Burgos, supra.* Similarly, this court's comment at sentencing was a personal observation as to how the court would have weighed the evidence if he had been a juror. Romines ignores the court's clear holding that, regardless of his personal evaluation of the evidence, the evidence was sufficient to support the federal jury's finding of guilt on the kidnaping charge. The court denies relief as to Claims 4 and 5.[3]

Romines' jury instruction claim also has no merit. Romines argues that he was not able to review the jury instructions to pinpoint any specific defect because the court refused to provide him copies of the instructions during these habeas proceedings. The court informed Romines that no written instructions were provided to the jury during deliberations or filed in the criminal case, since the oral instructions as recorded by the court reporter are the court's official record. The instruction portion of Romines' trial has never been transcribed. Nevertheless, the court finds that Romines cannot show that any possi-

---

**2.** In his response to the motion to dismiss, Romines challenges the enhancement of his sentence because his victim was vulnerable. The court finds no merit in this claim. He was bigger and stronger than she and he had their baby. Based on Shannon's testimony and the evidence of Romines' use of physical and psychological force against her on several occasions during the kidnaping, the enhancement of his sentence was appropriate.

**3.** Romines also apparently argues that his defaulted claims regarding sufficiency of the evidence should be addressed because the Tennessee verdict and the judge's statements demonstrate his actual innocence. However, Romines does not attempt to show that he is actually innocent of the conduct for which he was convicted; at most, he argues that he is legally innocent of the charge of kidnaping. Accordingly, the court finds no miscarriage of justice here to excuse his default of his claims.

ble defect in the kidnaping instructions merits habeas relief.

■ Romines failed to raise this claim on appeal and so must show cause and actual prejudice in order to excuse that default and allow review of the claim on habeas. *Bousley, supra.* To show prejudice to excuse a habeas default, petitioner must show that the errors worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional magnitude. *Id.; United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). It is not enough that the error created a possibility of prejudice; "petitioner must show that it worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170, 102 S.Ct. 1584.

■ Where the petitioner is challenging the adequacy of a jury instruction, the reviewing court must determine the degree of prejudice caused by the instruction by evaluating it in the context of the totality of the trial itself. *Id.* at 152, 102 S.Ct. 1584. Frady, convicted of first degree murder, complained on *habeas* that the court gave erroneous instructions on the element of malice. He argued that this error relieved the government of the burden of proving malice, an element of the crime, beyond a reasonable doubt, and prevented the jury from considering a manslaughter verdict. *Id.* at 170, 102 S.Ct. 1584. The Court concluded that even if given a correct malice instruction, there was no substantial likelihood that the jury would find Frady guilty of manslaughter instead of murder. *Id.* The Court noted the strong evidence of malice in the record and found that Frady had presented no colorable claim that he had acted without malice. *Id.* Therefore, the court found no actual prejudice stemming from the alleg-

edly erroneous instruction and denied Frady's claim as defaulted.

■ Romines' claim that the evidence was insufficient to support his conviction has already been ruled meritless, by this court and by the Fourth Circuit. Accordingly, the court can find no substantial likelihood that a jury, even after hearing a different instruction on the elements of kidnaping, would have acquitted Romines on that charge. *Frady, supra.* Thus, Romines fails to excuse his default of this claim on appeal and the court denies relief. *Id.*

In conclusion, the court can find no ground upon which Romines is entitled to relief under § 2255. The court denies his § 2255 motion in its entirety and also denies his motion for evidentiary hearing. An appropriate order shall be issued this day. The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

### *FINAL ORDER*

In accordance with the accompanying memorandum opinion, it is hereby

### ADJUDGED AND ORDERED

that the respondent's motion to dismiss shall be and is hereby GRANTED; that petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, shall be and hereby is **DENIED**; that all other pending motions are hereby

**DENIED;** and this action is hereby stricken from the active docket of the court.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to petitioner and to counsel of record for the respondent.