**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6730

TERRANCE ROBERT HENDERSON,

Plaintiff - Appellant,

v.

J.A. HARMON, Hearings Officer, Nottoway Correctional Center; CARL A. MANIS, Warden, Wallens State Prison; KAREN STAPLETON, Regional Administrator; W.R. HENSLEY, Hearings Officer, Wallens Ridge State Prison; DAVID ZOOK, Warden, Sussex I State Prison; T. LEABOUGH, Hearings Officer, Sussex I State Prison; LT. HUGHES, Lieutenant, Wallens Ridge State Prison; ERNIE WILLIAMS, Counselor, Wallens Ridge State Prison; REYNOLDS, Unit Manager, Wallens Ridge State Prison,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:18-cv-00043-RAJ-DEM)

Submitted: January 28, 2019                    Decided: February 6, 2019

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Terrance Robert Henderson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Robert Henderson, a Virginia prisoner, sued several state correctional officials under 42 U.S.C. § 1983 (2012), alleging in four claims that they had denied him due process in three unrelated disciplinary hearings and in an annual security-level classification hearing. He sought damages as well as expungement of disciplinary charges, transfer to a lower-security prison, "reimbursement of funds," and restoration of good-time credits. The district court screened his complaint pursuant to 28 U.S.C. § 1915A(a) (2012), concluded that Henderson had failed to state a claim upon which relief could be granted, and dismissed the case. Henderson has appealed, but only challenges the dismissal of his first claim, affirmatively waiving any appeal regarding the dismissal of his other claims.

Henderson's claim arises from a disciplinary hearing on November 10, 2015, at Nottoway Correctional Center, where he was found guilty of the institutional offense of aggravated assault upon another offender. He asserted in his complaint that J.A. Harmon, the hearings officer, denied him the opportunity to present a defense. Henderson also asserted that the hearing never reconvened after officials determined the amount of restitution he was ordered to make to the victim, denying him an opportunity to challenge the amount. Henderson says he appealed his conviction to Warden Carl A. Manis, who upheld the holding of the disciplinary hearing, but that he was denied further review because Karen Stapleton, regional administrator for the Virginia Department of Corrections, refused to accept or respond to his appeal.

2

The district court observed that it was required to apply Virginia's two-year statute of limitations for personal injury suits to Henderson's § 1983 claim, *see* Va. Code Ann. § 8.01-243(A) (2016); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991), and that it could dismiss the claim under 28 U.S.C. § 1915A if it was clear on the face of the complaint that the claim was untimely, *see Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (en banc). The court determined that Henderson's claim was based on events in November 2015, and that he filed his suit no earlier than January 4, 2018, when he signed his complaint—two years and not quite two months after the disciplinary hearing. Accordingly, the district court concluded that the statute of limitations barred the claim.

Henderson argues on appeal that the statute of limitations should have been tolled while he pursued administrative remedies—appealing first to the warden and then to the regional administrator—and that, with tolling, his § 1983 claim was timely. As Henderson points out, the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), (2012) requires prisoners to exhaust all available administrative remedies before filing suit under § 1983. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006). And the district court did not have the benefit of our recent holding that the statute of limitations for § 1983 claims is equitably tolled for the time during which prisoners, as mandated by the PLRA, exhaust administrative remedies. *See Battle v. Ledford*, ___ F.3d ___, ___, No. 17-6287, 2019 WL 124106, at *7-8 (4th Cir. Jan. 8, 2019). In *Battle*, we rejected the argument that a prisoner must prove "additional extraordinary circumstances beyond the exhaustion

3

requirement or . . . show constant diligence until the moment of filing" to warrant equitable tolling. *Id*. at \*8.

In light of *Battle*, which issued after the district court's ruling, the district court erred when it dismissed Henderson's claim based solely on the accrual and filing dates. The claim was less than two months late by the district court's calculations, and Henderson made clear in his complaint that he had pursued administrative remedies by appealing to Manis and Stapleton. We leave it to the district court to determine whether equitable tolling renders Henderson's claim timely filed, by establishing the "point of exhaustion" and running the limitations period from that date. *Battle*, 2019 WL 124106, at \*8. Moreover, we note that to the extent Henderson claimed that a due process violation occurred when he was prevented from challenging the restitution order because his hearing never reconvened, that claim would not have accrued until some date after the November 10 hearing.

Accordingly, we vacate the district court's order dismissing Henderson's first claim as barred by the statute of limitations, and remand the case for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*