**Franklin E. HALL, Petitioner,**

v.

**Gene JOHNSON, Director, Respondent.**

**No. 1:03CV1491.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 24, 2004.

Franklin Hall, Mitchells, VA, for Petitioner.

Virginia Bidwell Theisen, Richmond, VA, for Respondent.

## MEMORANDUM OPINION

ELLIS, District Judge.

Petitioner, Franklin E. Hall ("Hall"), a Virginia inmate, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking the validity of his state court convictions. On April 2, 2004, respondent filed a Motion to Dismiss, arguing that Hall's petition is barred by the one-year federal statute of limitations found in 28 U.S.C. § 2244(d). Hall was afforded the opportunity to file responsive materials, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), and has done so. Accordingly, this matter is now ripe for disposition. At issue specifically are:

(1) whether the one-year federal statute of limitations began to run on the date Hall's conviction became final or on the date of the Supreme Court of Virginia's disposition of his subsequently-filed motion for resentencing, and

(2) whether Hall's motion for resentencing was "properly filed" so as to toll the federal statute of limitations during the pendency of that motion.

## I.

Hall is now in custody following his March 25, 1998 aggravated involuntary manslaughter conviction by a jury in the Prince William County Circuit Court. As a result of this conviction, Hall was sentenced on May 21, 1998, to ten years in prison in accordance with the jury's recommendation. He appealed this conviction to the Court of Appeals of Virginia, alleging that the trial court erred by:

(1) overruling Hall's objection to the introduction of testimony regarding the results of a field Alkasensor test;

(2) denying Hall's Motion to Strike in that there was (a) insufficient evidence of "gross wanton or culpable" driving behavior; and (b) insufficient evidence of a causal relationship between defendant's drinking and the death of the decedent;

(3) denying Hall's proffered instruction that a charge of involuntary manslaughter requires proof that a defendant's drinking caused the death of the victim; and

(4) allowing the prosecution to offer evidence during the prosecution's case in chief that defendant had been previously convicted of driving while intoxicated.

By unpublished opinion dated September 28, 1999, the Court of Appeals of Virginia reversed Hall's conviction and remanded the case for a new trial. *Hall v. Commonwealth*, R. No. 1280–98–4, 1999 WL 1133268 (Va.App. Sept. 28, 1999). This result did not last; the Commonwealth's request for a rehearing *en banc* was granted and following that hearing, the full court vacated the panel ruling and affirmed Hall's conviction and sentence as imposed by the trial court. *Hall v. Commonwealth*, 32 Va.App. 616, 529 S.E.2d 829 (2000).

Thereafter, Hall filed a petition for appeal with the Supreme Court of Virginia, raising the same four issues earlier presented to the Court of Appeals. The

Supreme Court of Virginia denied this petition and the subsequent request for rehearing. *Hall v. Commonwealth,* R. No. 001752 (Va. Jan. 23, 2001; Mar. 2, 2001). Following this, Hall's petition to the United States Supreme Court for a writ of certiorari was denied by order dated June 29, 2001. *Hall v. Virginia,* 533 U.S. 957, 121 S.Ct. 2609, 150 L.Ed.2d 764 (2001).

Three weeks prior to this, Hall filed a *pro se* petition for a writ of habeas corpus with the Supreme Court of Virginia raising seven claims of ineffective assistance of counsel. This petition was dismissed on November 28, 2001. *Hall v. Director of the Dep't of Corrections,* R. No. 011267 (Va. Nov. 28, 2001). On August 29, 2001, before the Supreme Court of Virginia denied his state habeas petition, Hall submitted a motion for resentencing to the state trial court, arguing that the court had violated *Fishback v. Commonwealth,* 260 Va. 104, 532 S.E.2d 629 (2000), by not instructing the jury that parole had been abolished in Virginia. This effort also failed as the state trial court denied Hall's motion by notation dated September 17, 2001. Hall then appealed this decision to the Court of Appeals of Virginia and again he did not succeed; his petition for appeal was denied in an order by a single judge, *Hall v. Commonwealth,* R. No. 2656-01-4 (Va.App. Mar. 20, 2002), which a panel of the Court of Appeals thereafter relied on to deny Hall's petition for appeal. *Hall v. Commonwealth,* R. No. 2656-01-4 (Va.Ct. App. Feb. 13, 2003) (affirming the order dated March 20, 2002). In this regard, the Court of Appeals of Virginia held that, as

provided in Rule 1:1 of the Rules of the Supreme Court of Virginia,[1] the trial court lacked jurisdiction to entertain Hall's motion for resentencing because he had filed the motion more than twenty-one days after the entry of the final order in the case. *Id.*

Next, Hall filed two separate petitions for appeal of that judgment in the Supreme Court of Virginia, the first on April 22, 2002, and the second on March 6, 2003.[2] Hall asserted the following claims in both petitions for appeal:

(1) the trial court erred in denying Hall's Motion to Vacate in that the jury was not instructed that parole in Virginia had been abolished;

(2) the trial court erred in denying Hall's proffered instruction that a charge of involuntary manslaughter requires proof that a defendant's drinking caused the death of the victim;

(3) the trial court erred in denying Hall's Motion to Strike in that there was insufficient evidence of a causal relationship between petitioner's intoxication and the death of the victim;

(4) the Virginia Court of Appeals erred in denying Hall's petition on grounds that the trial court lacked jurisdiction to hear the appeal; and

(5) the Virginia Court of Appeals erred in denying Hall's request for counsel to represent him on appeal.

The Supreme Court of Virginia rejected both petitions for appeal by orders dated

---

1. Rule 1:1 provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

2. In the petition for appeal filed in R. No. 021040, Hall incorrectly asserted that the Virginia Court of Appeals had denied his request for a three-judge review. In a subsequent filing, in R. No. 0330525, Hall acknowledged that a three-judge panel of the Court of Appeals had indeed considered and denied his appeal.

July 9, 2003. *Hall v. Commonwealth,* R. Nos. 021040, 0330525 (Va. Jul. 9, 2003).

Undaunted, on July 30, 2003, Hall raised these same five claims in yet another petition for a writ of habeas corpus in the Supreme Court of Virginia. He also raised the following three additional claims in that second habeas petition:

(1) that trial counsel was ineffective on direct appeal by failing to raise a *Fishback* claim while the case was pending before the Virginia Supreme Court when petitioner asked counsel to raise the issue;

(2) that Hall was denied due process and equal protection because the jury in his case was not instructed that parole was abolished in Virginia as mandated by the Virginia Supreme Court's decision in *Fishback;* and

(3) that trial counsel was ineffective by failing to inform the jury on the mitigating factor in VA. CODE § 46.2–823, which provides that a driver of a motor vehicle forfeits the right of way if he exceeds the speed limit.

The Supreme Court of Virginia dismissed this petition, finding the claims procedurally barred under (i) Virginia Code § 8.01–654(A)(2), which provides a one-year statute of limitations for filing a state habeas petition, and (ii) Virginia Code § 8.01–654(B)(2), which requires that petitions for state habeas relief "contain all allegations the facts of which are known to petitioner at the time of filing" and bars successive habeas petitions containing such allegations. *Hall v. Dir. of the Dep't of Corr.,* R. No. 031819 (Va. Sept. 17, 2003).

Now Hall seeks federal habeas relief and, on November 12, 2003, he filed the instant petition wherein he raises the same claims raised in his second state habeas petition.[3] Respondent filed a Motion to Dismiss on April 2, 2004, asserting that Hall's claims are barred by the applicable federal statute of limitations, 28 U.S.C. § 2244(d). Hall submitted responsive materials on April 16, 2004, arguing that: (1) the federal statute of limitations did not begin to run until the conclusion of the state court's review of his motion for reconsideration; or, in the alternative, (2) that the federal limitations period was tolled while his motion for resentencing and subsequent appeals were pending in state court. Because the facts and legal issues are adequately set forth in the record, oral argument is dispensed with and this matter is appropriately resolved on the existing record. *See Fullwood v. Lee,* 290 F.3d 663, 681 (4th Cir.2002) (recognizing that a hearing is not required even when a habeas petitioner satisfies the statutory requirements for a hearing set forth in 28 U.S.C. § 2254(e)(2)).

**II.**

Section 2244(d)(1)(A) mandates that a petition for a writ of habeas corpus must be dismissed if filed more than one year after: (A) the judgment of conviction becomes final; (B) any state-created impediment to filing a petition is removed; (C) the United States Supreme Court recognizes the constitutional right asserted; or (D) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

---

**3.** For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. *Lewis v. Richmond City Police Dep't,* 947 F.2d 733 (4th Cir.1991); *see also Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Here, the record reflects that Hall signed his petition on November 12, 2003, but it does not disclose the date on which the pleading was delivered to prison officials. As a result, the date of signature is appropriately used as a default date for the actual filing date, as this date favors petitioner in the statute of limitations analysis. *Id.*

And, the burden is on petitioner to demonstrate that the petition was timely filed under § 2244(d) or that the circumstances are such that his untimely petition may be salvaged by equitable tolling principles. *See Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000) (applying equitable tolling principles to § 2244(d)).

■ Here, record facts confirm the untimeliness of Hall's current petition. The facts are straightforward. He was sentenced on May 21, 1998. After pursuing appeals in the Court of Appeals and Supreme Court of Virginia, his conviction became final on June 29, 2001, the date the United States Supreme Court denied his petition for a writ of certiorari. Thus, Hall had one year from this date to file his federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

In calculating the one-year limitations period, however, it is necessary to exclude the period of time during which Hall's "properly filed" state collateral proceedings were pending. 28 U.S.C. § 2254(d)(2). As respondent correctly concedes, Hall properly filed his first habeas petition in the Supreme Court of Virginia on June 4, 2001, thereby tolling the limitations period until this petition was dismissed on November 28, 2001. Accordingly, Hall had one year, or until November 28, 2002, to file a timely federal petition for a writ of habeas corpus. He failed to do so; instead, he filed the instant federal habeas petition on November 12, 2003, long after, indeed 349 days after, the expiration of the one-year statute of limitations.

In an effort to avoid this result, Hall asserts two distinct arguments. First, he submits that he is here challenging the state court's denial of his motion for resentencing, as well as his original conviction. Accordingly, he argues that the federal statute of limitations began to run on the date the Supreme Court of Virginia refused his petition for appeal of the denial of his motion for resentencing, as opposed to the date his conviction became final. Alternatively, Hall asserts that, even if the federal statute of limitations began to run on November 28, 2001, the date his conviction became final, his motion for resentencing and subsequent appeals constitute "properly filed" state collateral proceedings that toll the statute of limitations as provided for in 28 U.S.C. § 2244(d)(2). Both arguments fail.

■ Hall's first argument fails because it runs counter to the statute's terms and purpose. Of the four dates prescribed by § 2244(d)(1)(A)-(D) for the commencement of the one-year limitation's period, only the first, § 2244(d)(1)(A), is applicable here.[4] It provides that the one-year period commences on "the date on which the *judgment* became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A) (emphasis added). Because habeas corpus is the means by which prisoners challenge the fact or duration of their confinement, it follows that the "judgment" referred to in the statute is the judgment that resulted in the custody prison sentence challenged in the federal habeas petition and not any judgment or decision disposing of any subsequently-filed motion. A contrary reading, as urged by Hall, would lead to the absurd result of rendering meaningless the one-year limitations period. Were § 2244(d)(1) to be construed as Hall sug-

---

4. As Hall has presented no state-created impediment to filing or an elusive factual predicate to his claims, he cannot claim that § 2244(d)(1)(B) or (D) apply to the instant petition. Further, Hall cannot submit that § 2244(d)(1)(C) is applicable, as his motion for resentencing did not assert a new constitutional right established by the United States Supreme Court.

gests, federal habeas petitioners would be free to revive time-barred claims and circumvent the one-year filing requirement by the simple expedient of filing additional motions related to their convictions. This cannot occur if the statute, sensibly construed, requires the one-year period to commence on the date Hall's judgment of conviction became final, not on the date of an order disposing of a post-judgment motion. Accordingly, Hall's first argument fails.

Hall's second argument also fails because his motion for resentencing and subsequent appeals were not "properly filed" as required to toll the federal statute of limitations under 28 U.S.C. § 2244(d)(2). An application for post-conviction review or other state collateral proceeding is " 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Thus, because the Virginia Court of Appeals ruled that the trial court lacked jurisdiction to entertain Hall's motion for resentencing pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia, that motion was not "properly filed" and it follows that the § 2244(d) one-year limitations period was not tolled during the pendency of that motion and subsequent appeals stemming from denial of the motion.

 Nor is there any valid basis in this case for the operation of equitable tolling. Hall was afforded the opportunity to argue that his untimely petition could be salvaged by equitable tolling, but presented no facts supporting such tolling. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (finding that a state's motion to dismiss pursuant to § 2244(d) provides *pro se* petitioners sufficient notice and opportunity to provide facts contesting the application of the statute of limitations). Thus, it is clear that Hall's federal habeas petition was untimely and respondent's Motion to Dismiss must be granted on that ground.

### III. Conclusion

For the reasons stated above, respondent's Motion to Dismiss must be granted. An appropriate Order will issue.