**Joe J. RICHARD, Plaintiff–Appellant,**

v.

**Dr. Edward RAY, Jr.; Samaritan Hospital, also known as Columbia Hospital Lexington, Defendants–Appellees.**

No. 02–6445.

United States Court of Appeals,
Sixth Circuit.

Sept. 23, 2003.

Joe J. Richard, Pro se, Kansas City, MO, for Plaintiff–Appellant.

Clayton L. Robinson, Lynn Rikhoff Kolokowsky, Jenkins, Pisacano, Robinson & Bailey, Lexington, KY, Byron N. Miller, Thompson, Miller & Simpson, Louisville, KY, for Defendant–Appellee.

Before NELSON, GIBBONS, and SUTTON, Circuit Judges.

### ORDER

Joe J. Richard, a pro se federal prisoner, appeals a district court judgment dismissing his civil diversity action on remand. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Richard filed suit against Dr. Edward Ray, Jr. and Samaritan Hospital for medical malpractice because Richard's rectum had been torn

during prostate surgery and a three-inch section of a catheter was discovered in his bladder fourteen months later. The defendants moved for summary judgment on the grounds that the Kentucky statute of limitations barred the action and Richard had failed to produce an expert witness to establish breach of duty and causation. *See Johnson v. Vaughn*, 370 S.W.2d 591, 596 (Ky.1963). Upon review, the district court found the action to be untimely and granted summary judgment to the defendants, but did not reach the expert witness issue. This court concluded the action was timely, vacated the district court's judgment, and remanded the action for further proceedings. *Richard v. Ray*, 290 F.3d 810 (6th Cir.2002). On remand, the defendants successfully moved for summary judgment on the expert witness issue and the district court dismissed the action.

Upon de novo review, we conclude that the district court's grant of summary judgment must be affirmed. *See* Fed.R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir.1995).

Richard argues that the district court erred by not giving the parties notice and instruction on how to proceed on remand and by not notifying him how to respond when the defendants again moved for summary judgment. Relying on *Rand v. Rowland*, 113 F.3d 1520 (9th Cir.1997), *Anderson v. Angelone*, 86 F.3d 932 (9th Cir.1996), and *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir.1988), Richard contends that a district court must notify a pro se prisoner of his Rule 56 rights and obligations, including the right to file counter-affidavits and other responsive material, and of the possibility of dismissal for failure to adequately respond.

■ Whatever the notice requirements may be for a pro se prisoner litigant, *compare United States v. Ninety-Three (93) Firearms*, 330 F.3d 414 (6th Cir.2003), *and*

*Brock*, 840 F.2d at 343, *with Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992), we deem any error made by the district court after remand to be harmless. Richard already knew that he could file affidavits and other materials in response to the summary judgment motion, and he had done so in the past. He concedes that he does not have a medical expert, moreover, and he has been aware that the lack of a medical expert was a possible basis for dismissal from the time the defendants first moved for summary judgment.

Richard next argues that res judicata and collateral estoppel barred the defendants from reasserting the expert witness issue on remand.

■ This argument fails because the doctrine of res judicata applies only to subsequent lawsuits, not to further proceedings within the same lawsuit. *See Pacific Employers Ins. Co. v. Sav–A–Lot of Winchester*, 291 F.3d 392, 398 (6th Cir. 2002). This situation is instead covered by the doctrine of the law of the case. "Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case." *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir.1998). However, a trial court is free on remand to consider any issues not decided by the appellate court. *Kavorkian v. CSX Transp., Inc.*, 117 F.3d 953, 959 (6th Cir.1997). This court did not previously consider the expert witness issue, either expressly or impliedly, but only considered the statute of limitations issue.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.