NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0127n.06
Filed: November 24, 2004

**Case No. 02-2326**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **DAVID J. SCOTT,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| **BRENDA EVANS, SANDRA E. SADOWAY,** | ) | **DISTRICT OF MICHIGAN** |
| **and ERIK WALTER,** | ) | |
| | ) | |
| **Defendants-Appellees.** | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

**BEFORE: SUHRHEINRICH and BATCHELDER, Circuit Judges; RICE,[*] District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.** David J. Scott ("Scott"), a Michigan prisoner,

appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 claim pursuant to the applicable

statute of limitations and the revocation of *in forma pauperis* status pursuant to the three-strikes

provision of 28 U.S.C. § 1915(g). Specifically, Scott argues that his complaint was filed on the date

he deposited it in the prison mail system, two months before the statute of limitations expired.

Additionally, Scott argues that the three strikes rule does not apply because one of his prior lawsuits

was not dismissed as frivolous. Because we find, pursuant to the mailbox rule, that Scott properly

deposited his complaint and his application to proceed *in forma pauperis* in the prison mail system

before the applicable statute of limitations expired, we reverse the district court's dismissal as based

---

[*]The Honorable Walter Herbert Rice, District Judge for the Southern District of Ohio, sitting by designation.

on the statute of limitations. Because we find that Scott filed three prior lawsuits while a prisoner which were dismissed as frivolous, we affirm the district court's revocation of Scott's *in forma pauperis* status pursuant to 28 U.S.C. §1915(g). We therefore remand for further proceedings.

## I.

Scott presented his handwritten Complaint, handwritten Application for Leave to Proceed in Forma Pauperis, handwritten Declaration in Support thereof, Authorization to Remove Funds from Prisoner Account, Certificate of Prisoner Account Activity, and other related papers to prison officials on December 18, 2000, to mail to the district court. The district court time-stamped Scott's cover letter, which listed all of the above as enclosed, as being received on December 28, 2000. The district court, however, returned the papers to Scott with a letter saying that the court rejected Scott's complaint because Scott had submitted a handwritten application for *in forma pauperis* ["IFP"] rather than a form application. There was a sticky note on the handwritten application directing Scott to "complete enclosed form." Scott received the returned papers on January 8, 2001.

Due to circumstances beyond Scott's control, including his being transferred to another correctional facility, being denied possession of his legal materials, and encountering difficulty sending legal mail, he was unable to obtain an accurate updated prisoner account statement to submit with the form IFP application until after the February 9, 2001, deadline had expired. The record reveals that the district court received Scott's complaint and his completed form application to proceed IFP on June 15, 2001. When he finally obtained an accurate updated prisoner account statement on July 6, 2001, Scott immediately mailed that document to the district court clerk.

## II.

### A.

2

The Supreme Court has held that a notice of appeal filed by a *pro se* prisoner is deemed "filed" on the date that it is deposited in the prison mail system to be forwarded to the court clerk. *Houston v. Lack*, 487 U.S. 266, 270 (1988). This Court has expanded *Houston*'s "mailbox rule" to civil actions filed by pro se prisoners. *Richard v. Ray*, 290 F. 3d 810, 812 (6th Cir. 2002). This Court has also held that when a petitioner files for permission to file IFP, a complaint is considered filed on the day the clerk's office receives both the complaint and the application to proceed IFP, even if the complaint is not formally stamped "filed" until a later date when the IFP application is granted. *Dean v. Veterans Admin. Reg'l Office*, 943 F. 2d 667, 671 (6th Cir. 1991) vacated and remanded on other grounds, 503 U.S. 902 (1992). *Dean* must be read in light of *Richard*. Under *Dean* and *Richard*, the complaint of a *pro se* petitioner who applies for permission to proceed IFP is deemed "filed" for statute of limitations purposes when the petitioner deposits both the complaint and the application to proceed IFP in the prison mail system to be forwarded to the court clerk.

The parties agree that the three-year statute of limitations on Scott's civil rights claims expired on February 9, 2001. There is no dispute that Scott presented a handwritten Complaint, handwritten Application for Leave to Proceed IFP, handwritten Declaration in Support thereof, Authorization to Remove Funds from Prisoner Account, Certificate of Prisoner Account Activity, and other related papers to prison officials on December 18, 2000, to mail to the district court. There is a dispute, however, as to whether the *handwritten* IFP Application and accompanying documents satisfied Scott's duty to "deposit his application to proceed IFP."

The handwritten Application for Leave to Proceed IFP that Scott submitted to the court in December 2000 was not only visually set up to look like the court's pre-printed form in use at the time, but it also contained the same information required by the court's form. Scott properly dated

3

and signed the IFP application, as well as the accompanying documents. Additionally, as required by the pre-printed form and by 28 U.S.C. §1915(a) and (b), Scott submitted his Declaration in Support of his application to proceed IFP, his Authorization to Remove Funds from his Prisoner Account, and the required Certificate of Prisoner Account Activity.

The fact that Scott's *in forma pauperis* information was handwritten, rather than placed on a pre-printed form, should not have subjected his complaint to rejection. There is no evidence suggesting Scott's complaint or any of the other IFP forms he submitted in December 2000 were in any way deficient. Consequently, the district court erred in dismissing Scott's compliant on statute of limitations grounds.

B.

This Court has held that, pursuant to 28 U.S.C. §1915(g), if a prisoner has attained "three strikes," he is thereafter precluded from proceeding IFP in civil actions unless under threat of immediate harm. *Wilson v. Yaklich*, 148 F. 3d 596, 602-604 (6th Cir. 1998). A prisoner attains a "strike" if, "while incarcerated or detained in any facility, [he has] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(g).

Scott argues that the district judge presiding over one of his prior dismissed cases, case number 95-CV-00403, did not dismiss the case as frivolous because he deemed Scott's appeal of that case to be taken in good faith. A complaint is frivolous within the meaning of 28 U.S.C. §1915 where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The judge's order certifying appeal in case number 95-CV-00403 emphasized that under the laws of the Sixth Circuit, Scott failed to present a claim

4

with an arguable or rational basis in law. The judge's acknowledgment that other circuits applied different law did not make Scott's argument "non-frivolous" in the Sixth Circuit. Rather, it recognized that Scott might have a good faith claim that the Sixth Circuit's law was wrong. We disagreed, and affirmed the district court's determination that the case was frivolous. The district court therefore properly considered case number 95-CV-00403 as dismissed for being frivolous.

Since Scott filed three prior lawsuits while incarcerated that courts of the United States dismissed as frivolous, the district court did not err in revoking Scott's *in forma pauperis* status.

## III.

For the foregoing reasons, we REVERSE the district court's dismissal of the complaint on statute of limitations grounds, AFFIRM the district court's revocation of Scott's *in forma pauperis* status pursuant to 28 U.S.C. §1915(g), and REMAND for further proceedings.