In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3802

IN RE:

VIKRAM BUDDHI.

Petition for a Writ of Mandamus to the
United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:10-cv-126—**James T. Moody**, *Judge.*

SUBMITTED JULY 11, 2011—DECIDED SEPTEMBER 9, 2011

Before POSNER, MANION and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge.* Vikram Buddhi, a criminal defendant who has appealed the district court's denial of his motion to reconsider his sentence, now asks us to command that court to rescind its order requiring that money in Buddhi's prison trust account be applied to his district court filing fee and to a special assessment against him that was imposed as part of his sentence. 18 U.S.C. § 3013. The judge allowed Buddhi to proceed in forma pauperis in the district court. But when after losing there Buddhi asked for leave to proceed in forma pauperis on appeal, the judge

discovered that although $1501.83 had been deposited in Buddhi's prison trust account in the preceding six months, he had made no payments toward his district court filing fee, as required by 28 U.S.C. § 1915(b)(2). The judge ordered him to pay $300.67 toward the filing fee and directed the warden to deduct from his prison trust account the outstanding balance on the $1100 special assessment; the balance was $1067.00. The two payment orders left Buddhi with no money to pay the filing fee for this appeal; hence this petition for mandamus.

Buddhi argues that authority to collect unpaid fines and fees resides with the Attorney General, not the courts, and that the Inmate Financial Responsibility Program of the Bureau of Prisons (which is part of the Justice Department) allows inmates to pay special assessments in installments. He also argues that the district judge erred in including the filing fees with the assessment because civil filing fees are not "payments required under the sentence" within the meaning of 18 U.S.C. § 3612(c)(3). That's true, but the judge made separate orders, and the order directing payment of the unpaid filing fee from Buddhi's prison trust account was entirely proper. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998).

But not the order that the warden deduct money from the account to pay the special assessment. It's true that 18 U.S.C. § 3572(d)(3) provides that "the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require," and that special

assessments "shall be collected in the manner that fines are collected in criminal cases." § 3013(b). But the district court had already, in its judgment in Buddhi's criminal case, ordered immediate payment of the special assessment. *United States v. Buddhi*, 06-cr-063 (N.D. Ind. Dec. 11, 2009). It was because he couldn't pay it immediately that he had enrolled in the Inmate Financial Responsibility Program. A form submitted with his motion to proceed in forma pauperis disclosed that he was earning $16.40 a month in his prison job and was required by his payment plan under the Inmate Financial Responsibility Program to contribute $25 per quarter toward payment of the unpaid balance of the special assessment. See 28 C.F.R. § 545.11(b)(1).

The Attorney General rather than the courts "shall be responsible for collection of an unpaid fine or restitution" imposed by a judgment, 18 U.S.C. § 3612(c), and he has delegated his authority to the Bureau of Prisons, 18 U.S.C. § 4042(a)(1), which created the Inmate Financial Responsibility Program to facilitate collection. This delegation is proper, *United States v. Ellis*, 522 F.3d 737, 738-39 (7th Cir. 2008); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998) (per curiam), and the "courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side)." *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008); see also *United States v. Lampien*, 89 F.3d 1316, 1320 (7th Cir. 1996); *United States v. Boal*, 534 F.3d 965, 966 n.1

(8th Cir. 2008); *United States v. Comer*, 93 F.3d 1271, 1281-82 (6th Cir. 1996).

Recall that Buddhi's payment plan required him to pay only $25 a quarter toward his special assessment. The criminal judgment against him had been entered in December 2009 and the district court's order was issued 14 months later. Fourteen months is 4.67 quarters. So in ordering the warden to deduct $1067.00 from Buddhi's account, the district court overrode the payment plan, under which he owed only $116.75 (4.67 x $25). By doing this, the district court exceeded its authority. The Bureau of Prisons could have enlarged or accelerated Buddhi's payment obligation, see *McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999), but had not done so, and the court could not do so.

No matter. Buddhi's appeal is being summarily affirmed in a separate order issued today, so his inability to pay the filing fee is moot. His complaint about the depletion of his prison trust account focuses on the impart of that depletion on his ability to prosecute his appeal rather than on other uses to which he might put the money in the account. The district court's order to the warden did exceed the court's authority and the district judge should rescind it, but the petition for man-damus is

DENIED.