NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
**Chicago, Illinois 60604**

Submitted December 9, 2013[*]
Decided December 10, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-2109

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 02 CR 688-1 |
| PIERRE DAWSON, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

**O R D E R**

Pierre Dawson, an inmate housed at the Federal Correctional Institution in Fort Worth, Texas, moved under 18 U.S.C. §§ 3572(d)(3), 3664(f)(2), and 3664(k) to challenge his payment schedule through the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP"). The district court denied the motion, ruling that the statutes, which

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

govern the imposition and enforcement of monetary penalties, do not afford him relief. We vacate and remand with instructions to dismiss for lack of jurisdiction.

Dawson was convicted in 2004 in the Northern District of Illinois of conspiracy to possess with intent to distribute cocaine and attempt to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841, and sentenced to 360 months' imprisonment. The court ordered Dawson to pay a $25,000 fine and a $200 assessment, due immediately. *See* 18 U.S.C. § 3572. After we affirmed his conviction and ordered a limited remand of his sentence in light of *United States v. Booker*, 543 U.S. 220 (2005), *United States v. Dawson*, 425 F.3d 389, 396 (7th Cir. 2005), the district court reimposed the same sentence.

Dawson agreed to pay the monetary penalties through the IFRP, but he later moved under §§ 3572(d)(3), 3664(f)(2), and 3664(k) to defer his payment schedule or reduce it from $150 per month to $25 per quarter because of financial hardship. He also requested that the court declare language in 18 U.S.C. § 3664(n) ("substantial resources from any source") and 28 C.F.R. § 545.11(b) ("non-institution (community) resources") unconstitutionally vague. In a minute order, the district court granted Dawson's unopposed motion and set his payment schedule at $25 per quarter.

The government promptly sought additional time to respond to Dawson's motion, arguing that §§ 3572(d)(3), 3664(f)(2), and 3664(k) do not confer jurisdiction on the court to relieve Dawson of his payment obligations through the IFRP. The government added that Dawson's challenge would be cognizable under 28 U.S.C. § 2241 but premature (since he had not exhausted administrative remedies) and that venue was improper (since any petition should have been brought in the district where he is confined).

The district court, treating the government's request for an extension of time as one for reconsideration, overturned its prior ruling allowing Dawson to reduce his payment schedule. The court explained that since Dawson's fine was due immediately in a lump sum, he did not qualify under § 3572(d)(3), which applies only to a judgment permitting payment of a fine in installments, nor did he qualify under §§ 3664(f) and 3664(k), which apply only to restitution orders—not fines. The court determined that it had subject-matter jurisdiction under §§ 3572 and 3664, relying on *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003), in which we ruled that the district court had subject-matter jurisdiction under § 3572(d)(3) to consider a prisoner's challenge to allegedly burdensome fines that the court had ordered paid in installments.

On appeal Dawson argues that the court abused its discretion by (1) considering the untimely response filed by the government after the court had ruled on his motion and (2) denying his motion without addressing his vagueness challenge to § 3664(n) and 28 C.F.R. § 545.11(b). The government continues to press its threshold argument that the district court lacked jurisdiction to consider Dawson's motion under §§ 3572 and 3664. The government also argues that had the court considered Dawson's motion under 28 U.S.C. § 2241, denial of relief would have been proper because Dawson did not exhaust administrative remedies before suing, he did not sue in the district where he was confined, and his constitutional attack lacks merit.

We agree with the government that the district court lacked jurisdiction over Dawson's motion regarding his payments through the IFRP under §§ 3572(d)(3), 3664(f)(2), and 3664(k). *See United States v. Diggs*, 578 F.3d 318, 319 (5th Cir. 2009). Sections 3664(f)(2) and 3664(k) apply only to restitution orders, *see United States v. Lauersen*, 648 F.3d 115, 117 (2d Cir. 2011); *United States v. Martinez*, 610 F.3d 1216, 1230 (10th Cir. 2010), and Dawson was not ordered to pay restitution. Section 3572(d)(3) authorizes a court to adjust a defendant's payment schedule only if the defendant's "judgment for a fine . . . permits payments in installments," *see In re Buddhi*, 658 F.3d 740, 741–42 (7th Cir. 2011), but Dawson had been ordered to pay his fine immediately. Finally, the district court was mistaken in relying on *Goode*, 342 F.3d at 743, to conclude that it had subject-matter jurisdiction: the district court in *Goode* had ordered the prisoner to pay his fine in installments and thus retained jurisdiction under § 3572(d)(3) to adjust his payment schedule, 342 F.3d at 743, but the district court here, in ordering Dawson to pay his fine immediately, delegated to the IFRP its discretion to collect his fine. *See United States v. Ellis*, 522 F.3d 737, 738–39 (7th Cir. 2008); *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); 28 C.F.R. § 545.10. The court therefore lacked jurisdiction under § 3572(d)(3) to control Dawson's payment schedule.

The government is also correct to point out that the district court would have had jurisdiction over a challenge brought under § 2241 to the IFRP's collection schedule, *see McGee v. Martinez*, 627 F.3d 933, 936–37 (3d Cir. 2010); *Diggs*, 578 F.3d at 319–20; *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002), though any petition brought by Dawson at this time would be foreclosed by lack of exhaustion and improper venue. If however he were to exhaust his administrative remedies, *McGhee*, 166 F.3d at 887; *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 561 (2012), he could file a petition in the district of his confinement. *See* 28 U.S.C. § 2241(d); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009).

The district court's order is **VACATED**, and the case is **REMANDED** with instructions to dismiss, without prejudice, for lack of subject-matter jurisdiction.