RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0243p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 15-4331

SONTAY T. SMOTHERMAN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:12-cr-00055—Gregory L. Frost, District Judge.

Decided and Filed:  September 29, 2016

Before:  KEITH, ROGERS and SUTTON, Circuit Judges.

_____

### COUNSEL

**ON MOTION:**   Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE,
Cincinnati, Ohio, for Appelle.

_____

### ORDER

_____

DAMON J. KEITH, Circuit Judge.  The issue before the court is whether the notice of
appeal filed by *pro se* prisoner Sontay Smotherman was timely.  In criminal cases, a defendant
must file a notice of appeal within fourteen days after entry of the judgment or order being
appealed.  Fed. R. App. P. 4(b)(1)(A).  On November 17, 2015, the district court entered an order
denying Smotherman's "Motion to Correct Error" filed under Federal Rule of Civil Procedure
60(a) in his closed criminal case.  (R. 353 at 1890).  In order to meet the fourteen day deadline,
any notice of appeal needed to be filed by December 1, 2015.  *See* Fed. R. App. P. 4(b), 26(a).

1

Smotherman's notice of appeal, dated November 25, 2015, was officially filed by the district court on December 2, 2015, which was one business day after the appellate filing period had expired. (R. 360 at 1910). This filing was sent along with a signed, dated declaration titled "Proof of Service," which directly referenced that it was enclosed with the notice of appeal and motion to correct. (R. 361 at 1918). The "proof of service" declaration and "notice of appeal" were entered as separate docket entries. (R. 360 and 361). The proof of service declaration stated "with postage prepaid," and "I declare under penalty of perjury that the foregoing is true and correct." *Id.* The proof of service declaration was signed and executed on November 25, 2016. *Id.* It was date-stamped by the Clerk of the Court for the Southern District of Ohio Eastern Division on December 2, one day after the filing deadline of December 1. *Id.* The government filed a motion to dismiss, alleging that Smotherman's notice of appeal was untimely on its face.

The prison mailbox rule has been long established, and we have recognized the typical rule that a *pro se* prisoner's notice of appeal is deemed "filed at the time [*pro se* prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Tanner v. Yukins*, 776 F.3d 434, 436 (6th Cir. 2015) ("notice of appeal was considered filed when it reached the mailroom"); *see also Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (prison mailbox rule for filing applies to civil complaints filed by *pro se* petitioners incarcerated at the time of filing).

This mailbox rule exception is supported by important public policy considerations that are unique to unrepresented, incarcerated individuals, and factor into our analysis of timely notices under the Federal Rules of Appellate Procedure, Rule 4(c).

> "[T]he lack of control of *pro se* prisoners over delays extends much further than that of the typical civil litigant: *pro se* prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally."

*Houston*, 487 U.S. at 273–74.

Furthermore:

> "[T]he *pro se* prisoner does not anonymously drop his notice of appeal in a public mailbox—he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date."

*Id.* at 275.

Thus, we have been sensitive to the fact that prisoners without attorneys lack the same freedom to proactively ensure the timely delivery and receipt of documents as other litigants. In addition, there is less concern that *pro se* prisoners will fraudulently back-date documents because of the availability of corroborative evidence produced through the prison mailing system.

The Federal Rules of Appellate Procedure have memorialized the prison mailbox rule from *Houston v. Lack* through Rule 4(c). It provides that "If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). The government does not argue that Smotherman failed to deposit his notice of appeal into the prison mail system before the December 1 deadline.

The government does, however, argue that Smotherman's notice of appeal failed to conform to the third sentence of Rule 4(c)(1), which provides that "timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Id.* There is some room for legal debate over whether and to what extent this rule allows for, or requires, either a declaration or a notarized statement in order to avail a *pro se* prisoner of mailbox rule protection. We reject the government's argument that Smotherman was required to make a "declaration in compliance with 28 U.S.C. § 1746 or [produce] a notarized statement." *Id.*

In cases where a prisoner has access to a legal mail system, and uses it, the notice of appeal is considered timely when "it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1); *Price v. Philpot*, 420 F.3d 1158, 1165

(10th Cir. 2005). Under this reading, the requirements of "a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement," Fed. R. App. P. 4(c)(1), are only applied to prisoners without access to a prison mail system. *United States v. Ceballos-Martinez*, 371 F.3d 713, 716 (10th Cir. 2004) (the word "may" in the third sentence of Fed. R. App. P. 4(c)(1) "references Congress's intent to allow prisoners a filing option for those cases where a legal mail system is not available"). Any such declaration or notarized statement "must set forth the date of deposit and state that first-class postage has been prepaid." Fed. R. App. P. 4(c)(1). In this case, Smotherman had access to legal mail, and the government has not raised the argument that Smotherman failed to use legal mail in this case. Thus, under the present version of Rule 4(c)(1), Smotherman was not required to comply with the enumerated methods set forth in Rule 4(c)(1).

A new amendment to Rule 4(c) is scheduled to take effect on December 1, 2016. This rule adopts the prison mailbox rule as previously drafted, and requires a notice of appeal to be accompanied by either:

> **(i)** a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; *or* (emphasis added).

> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid;

Fed. R. App. P. 4(c).

The newly enumerated method of proving timeliness under the post-amendment version is "evidence." This does not disrupt or change our reading of the previous version of the rule in terms of methods for proving timeliness. A declaration, notarized statement, or evidence will be required to accompany a notice of appeal after the amendment takes effect, regardless of what sort of mailing system a prisoner has access to. However, the appellant always held the burden of proving timeliness in an appeal under Rule 4. § 3950.1 Jurisdictional Effect of the Rule, 16A Fed. Prac. & Proc. Juris. § 3950.1, n. 59 (4th ed.).

Even if we were to hold that the pre-amendment version of Rule 4(c) did require a declaration or notarized statement, Smotherman did in fact make a declaration in compliance with 28 U.S.C. § 1746. District court docket entry #361 titled "Proof of Service" contains the

following clause: "I declare under penalty of perjury that the foregoing is true and correct, executed on November 25, 2015." (R. 361 at 1912). The declaration was signed "Sontay T. Smotherman." *Id.* The declaration and the notice of appeal "set forth the date of deposit" as November 25, 2015 in accordance with Rule 4(c)(1), and the declaration says "with postage prepaid." The "Proof of Service" docket entry was stamped by the Clerk of Court for the U.S. District Court of the Southern District of Ohio on December 2, 2015 at 1:41pm. *Id.* This is the exact same date and time of entry as docket entry #360 titled "Notice of Appeal." (R. 360 at 1910).

A document filed *pro se* is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). The record shows that Smotherman complied with Rule 4(c)(1), even though his otherwise compliant declaration was not on the same page or directly under the title of "Notice of Appeal." To read a *pro se* document so strictly as to dismiss an appeal merely because a technical filing requirement like a required declaration appeared above the wrong page number, or under the wrong header, would defy the dictates of law. Further, it would impress upon *pro se* appellants that access to justice is denied to those behind prison doors.

Smotherman's declaration under penalty of perjury was word-for-word identical to the requirements of 28 U.S.C. § 1746, and thus complies with one of the enumerated methods for proving a timely filed notice of appeal under Rule 4(c)(1). The declaration and the notice of appeal "set forth the date of deposit" as November 25, 2015 in accordance with Rule 4(c)(1). Finally, the declaration says "with postage prepaid." The aforementioned declarations were "enclosed" with the notice of appeal and motion to correct, and mentioned both directly, which supports that it was made concurrently and in conjunction with the notice of appeal.

Thus, Smotherman's *pro se* motion and accompanying declaration on November 25 was "deposited in the institution's internal mail system on or before the last day for filing," and his declaration complied with one of the enumerated methods provided for proving timeliness under Rule 4(c)(1). The government's motion to dismiss appeal as untimely is **DENIED.**