In the

# United States Court of Appeals

### For the Seventh Circuit

No. 15-3395

FLOYD MAY,

*Plaintiff-Appellant*,

*v.*

SYLVIA MAHONE, et al.,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:11-cv-07503 — **John W. Darrah**, *Judge*.

SUBMITTED OCTOBER 18, 2017[*] — DECIDED NOVEMBER 28, 2017

Before FLAUM, RIPPLE, and ROVNER, *Circuit Judges*.

PER CURIAM. Floyd May, a pro se appellant and an Illinois
prisoner, claims in this suit under 42 U.S.C. § 1983 that two
prison physicians failed to provide constitutionally adequate

---

[*] We have agreed to decide the case without oral argument because the
briefs and record adequately present the facts and legal arguments, and
oral argument would not significantly aid the court. FED. R. APP. P.
34(a)(2)(C).

medical care while treating his non-Hodgkins lymphoma. The district court entered summary judgment for the defendants, and Mr. May has appealed. Before addressing the merits, we must decide whether we have jurisdiction. That question turns on whether Mr. May filed a timely notice of appeal. Because we cannot determine this issue on the existing record, we remand the case to the district court for the limited purpose of determining if and when Mr. May tendered a notice of appeal to prison authorities.

# I

## BACKGROUND

The district court issued its order granting summary judgment on February 11, 2015, but a separate judgment was never entered on the district court's docket. *See* FED. R. CIV. P. 58(a), 79. Because of that omission, Mr. May had 180 days after February 11 to file a notice of appeal—150 days until the judgment was deemed entered plus 30 more days to file a timely appeal. *See* FED. R. CIV. P. 58(c)(2)(B); FED. R. APP. P. 4(a)(1)(A), 4(a)(7)(A), 26(a)(1). Thus, Mr. May had to file his notice of appeal by Monday, August 10, 2015.

After February 11, however, the first document from Mr. May that appears on the district court's docket is "Plaintiff's Request for Status," which Mr. May mailed to the court on September 5, 2015. In that submission, Mr. May asked for an update about his "appeal" and averred that he had mailed a notice of appeal on February 18, 2015. He attached four documents: (1) a copy of the purported notice of appeal,

(2) a copy of his inmate Legal Mail Card,[1] (3) a request that the clerk of the district court transmit the record on appeal to this court, and (4) an application to proceed in forma pauperis. Except for the Legal Mail Card, which does not have a printout date, all of the documents are dated February 18, 2015. Over a month later, on October 20, 2015, the district court docketed a second notice of appeal from Mr. May, this one dated February 20, 2015.

The clerk of the district court forwarded to us only the notice of appeal that was docketed on October 20. We questioned the timeliness of that notice and directed Mr. May to explain why his appeal should not be dismissed for lack of appellate jurisdiction. Mr. May responded by averring that on February 18 he gave his notice of appeal to prison authorities in a properly addressed envelope with postage paid. Mr. May argued that the prison mailbox rule applies to him; according to that rule, when an inmate presents a notice of appeal to prison staff for mailing, it is deemed filed if the inmate has complied with the requirements of Federal Rule of Appellate Procedure 4(c)(1). *See generally Houston v. Lack*, 487 U.S. 266, 275–76 (1988) (recognizing prison mailbox rule); *Hurlow v. United States*, 726 F.3d 958, 962 (7th Cir. 2013) (discussing mechanics of rule). Mr. May resubmitted the copy of his Legal Mail Card, which does show that unspecified legal mail was sent to the district court in Chicago on February 19, 2015.

The defendants countered that, even if the copy of the mail card is legitimate, there is nothing on that card identifying the particular item of mail Mr. May submitted to the mailroom or

---

[1] A Legal Mail Card is a digital record of an inmate's incoming and outgoing legal mail.

its content. The defendants pointed out that Mr. May was litigating at least four cases in the Northern District of Illinois during February 2015 and that, in one of those cases, he had filed a document which the clerk's office docketed on February 23, 2015. Mr. May's evidence, the defendants argued, is too little to substantiate his assertion that he gave prison authorities a notice of appeal in *this* case on February 18, 2015.

After receiving the parties' submissions, we ordered them to address further the jurisdictional question, in particular the question of whether Mr. May had complied with the prison mailbox rule. Mr. May simply repeats what he said previously. The defendants, on the other hand, reassert their earlier position but also highlight that Mr. May has relied on inconsistent versions of his purported notice of appeal, one dated February 18, 2015, and the other, February 20, 2015. The defendants add that the only entry on the Legal Mail Card around that date for a document sent to the district court is on Thursday, February 19, which, the defendants say, undermines Mr. May's assertion that he delivered a notice of appeal to prison authorities on either February 18 or February 20, 2015. They observe also that the notation "(2)" follows some dates on the card, suggesting that prison employees indicate instances when multiple pieces of mail are sent. There is not a "(2)" on Mr. May's Legal Mail Card for February 19, raising the inference that the only item he submitted to prison staff that day is the document that was received in the mail and docketed by the clerk of the district court in another of his cases on February 23, 2015.

## II

## DISCUSSION

We conclude that we lack sufficient information to resolve this factual dispute.

When the prison mailbox rule "serves to give a court jurisdiction over a matter that would otherwise be time-barred, the court has an independent duty to ensure that the prisoner actually sent his mail when he says he did." *Taylor v. Brown*, 787 F.3d 851, 860 (7th Cir. 2015). The burden of proving the date of the mailing rests on the plaintiff who is seeking to establish jurisdiction. *See Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008). In most instances, an inmate will prove sufficiently the timely filing of a notice of appeal by submitting an uncontested affidavit or declaration attesting to delivery of that notice to prison staff in compliance with Federal Rule of Appellate Procedure 4(c)(1).

At times, however, the inmate's affidavit or declaration will not satisfy his burden of proof. As we explained recently in the analogous context of an inmate's attempt to skirt a "three strikes" bar to litigating without prepaying court fees, *see* 28 U.S.C. § 1915(g), an evidentiary hearing may be necessary to determine the truthfulness of the inmate's declaration. *See Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017) (requiring hearing to determine truthfulness of an inmate's plausible allegation of imminent danger of serious physical injury). If such an allegation is contested by the defense "or seems fishy" to the court, the inmate must support it "by facts presented in affidavits *or, if appropriate, hearings*." *Id.* (emphasis added). We explained that this process for "[d]etermining the validity of allegations that a prisoner makes in an effort to

avoid the three-strikes clause" is consistent with "how allegations of jurisdiction are handled." *Id.*

This same process is appropriate for evaluating an inmate's factual allegations concerning the prison mailbox rule. To get the benefit of the legal mail rule, an inmate must use his institution's legal mail system, if it has one. Once an inmate has complied with this first prerequisite of Rule 4(c)(1), an affidavit or declaration attesting to the date of the mailing might be sufficient to establish appellate jurisdiction. *See United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004). The further step of an evidentiary hearing conducted by the district court likely will be required if the veracity of the inmate's allegations—even when sworn—is in doubt either because those allegations are themselves questionable or because the appellee has undermined them with argument based on the record or with additional documents.

The situation before us requires a hearing in the district court. Mr. May has provided two "copies" of his notice of appeal with dates two days apart and an undated copy of his Legal Mail Card. The defendants have noted several reasons to be skeptical of these documents. The mail card does not provide a description of the document sent to the district court on February 19. A "(2)" appears beside some entries on the card, which suggests that prison employees annotate when more than one document is mailed. There is not a number associated with the entry for February 19, 2015, however, and on February 23 the clerk of the district court docketed an unrelated submission from Mr. May in another case. As the defendants observe, the mail card does not show any other mailing during the relevant time period. Resolution of this matter will involve issues of credibility. *See United States v.*

*Austin*, 806 F.3d 425, 431 (7th Cir. 2015) (noting that "district court is best situated to make credibility determinations in light of the totality of the evidence"); *see also Taylor*, 787 F.3d at 860 (noting that if the district court ignores the prison mailbox rule in other contexts, it is sometimes necessary to remand for additional fact-finding to ensure that a filing was timely under the prison mailbox rule).

### Conclusion

Accordingly, we remand this case to the district court for the limited purpose of determining whether Mr. May submitted a notice of appeal on or before August 10, 2015, in compliance with Rule 4(c). We will retain jurisdiction over the appeal.

REMANDED WITH INSTRUCTIONS;
JURISDICTION RETAINED.