**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2018[*]
Decided June 25, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3438

| | |
|---|---|
| KEVIN LEE BROOKING, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Southern District |
| | of Indiana, Evansville Division. |
| *v.* | |
| | No. 3:17-cv-00013-RLY-MPB |
| MICHAEL BRANHAM, et al., | |
| *Defendants-Appellees*. | Richard L. Young, |
| | *Judge*. |

**O R D E R**

Kevin Brooking appeals the entry of summary judgment in his inmate-rights suit. The district court ruled that Brooking had not opposed the defendants' motion for summary judgment. Before it ruled, Brooking had asked for more time to contest the motion because he had not received a copy of it. The court did not exercise its discretion to consider Brooking's request for more time, and because Brooking has a potentially valid response to the defendants' motion, we vacate the judgment and remand.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Kevin Brooking was arrested in March 2015 and taken to the Lawrence County jail. Brooking contends that he warned jail officials that he had a conflict with an inmate in the jail's general population, but no official separated them. The next morning, that inmate beat Brooking, breaking his shoulder blade and lower leg. A few hours after the attack, he was taken to the hospital and released from custody once his mother posted bond. He did not (and, he argues, could not) file a grievance about the attack before his release. The next month Brooking returned to the same jail on new charges. Jail officials assert that the jail's grievance procedures impose no time limits on filings. They further assert that Brooking did not file a grievance about the attack any time after his return.

As relevant on appeal, Brooking sued jail officials for violating the Constitution by not preventing the assault, and the defendants answered by asserting that he had not exhausted his administrative remedies. The district judge ordered the defendants to select one of three options by August 21, 2017: (1) file a motion in support of their exhaustion defense, (2) notify the court that the exhaustion issue could not be resolved by motion, or (3) tell the court that they had abandoned the defense. One day after the deadline, the defendants moved for summary judgment based on Brooking's failure to exhaust. (They did not ask for permission to file late.) That same day, they attempted to serve Brooking by mail, sending the motion to Brooking at his listed home address. The mailing included the notice to pro se litigants required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). The notice explained Brooking's obligation to respond to the motion, a response deadline of September 22, and the right to request more time to respond.

Brooking did not receive the motion or notice because he had been returned to jail. The court's clerk received from Brooking on September 29 a "Notice of Address Change & Request for Continuance of Any Deadlines." Brooking explained that he was again in the Lawrence County jail and had been there since August 24 (two days after the defendants mailed their motion and notice to his home). He had not yet received from his only living relative (his disabled mother) his papers from this case. And he had "just received the address to notify the court" of his new location because the jail "has no law library or directories." He asked for an extension of any pending deadlines.

The district court did not address Brooking's request. Instead, on the next business day, October 2, the court entered summary judgment for the defendants. It ruled that Brooking did not oppose the defendants' motion, so the court accepted as true their statement of material facts. Relying on their assertion that the jail's grievance procedure imposes no deadlines and that Brooking never filed a grievance about the

attack, the judge concluded that Brooking had not exhausted his administrative remedies.

On appeal, Brooking argues that the district court did not allow him a reasonable opportunity to oppose the motion for summary judgment. He repeats that he never received the motion or notice of deadlines before the court's ruling; that because the jail does not have any court directories, he could not immediately notify the court of his new address; and that he did so as soon as he received the court's address. If given the chance to oppose the exhaustion defense, Brooking would argue that he exhausted all *available* administrative remedies: the jail did not inform him about the grievance process before his attack; at the hospital he was released from custody, leaving him unable to file a grievance; and when he was later jailed again, corrections officials told him that it was too late to file a grievance about the assault.

The district court should have considered Brooking's request that, because he acted diligently to contact the court with his new address and had not received any court papers, he deserved more time to meet pending deadlines. When a court considers a motion (as the district court did with the motion for summary judgment), it has discretion to grant a request to file a late response to that motion if the requester shows "excusable neglect" for missing a deadline. FED. R. CIV. P. 6(b)(1)(B). Even if the court did not see Brooking's request until after it entered summary judgment, it still possessed discretionary power to reconsider that judgment in light of the request. *See* FED. R. CIV. P. 59(e). But the district court never exercised its discretion to consider Brooking's request. It never evaluated whether Brooking's assertions in his request were true and, if true, whether they justified a discretionary grant of more time to respond. A judge's failure to exercise discretion is an abuse of discretion. *See Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015).

Although we could affirm if the district judge's inaction was harmless, it was not. Brooking has a potential response to the exhaustion defense: he contends that he had no available administrative remedies because he had left custody once released from the hospital and jail officials thwarted his later efforts to file a grievance. We therefore must remand. The district court is free to decide on remand whether it accepts as true Brooking's assertion that he did not receive the motion for summary judgment and could not contact the court sooner, and whether that assertion warrants a discretionary grant of added time to respond. *See May v. Mahone*, 876 F.3d 896, 899 (7th Cir. 2017).

We thus VACATE the judgment and REMAND for further proceedings.