NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2018*
Decided December 21, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

| | |
|---|---|
| No. 18-1599 | |
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:12-cr-30171-DRH-2 |
| | |
| HAROLD WHITE, JR., | David R. Herndon, |
| *Defendant-Appellant.* | *Chief Judge.* |

### O R D E R

Harold White, who is incarcerated in federal prison for theft crimes, contests a district court's order regarding restitution payment. At sentencing, the district court ordered him to pay approximately $360,000 in restitution. While incarcerated, he says, his family sent to his prison account more than $5,000 to pay off other debts. Granting a motion from the government, the district court authorized the Bureau of Prisons to apply these funds to the restitution. We reject the government's contention that White

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

filed his notice of appeal too late, but because White had control over the funds and they were not exempt from restitution, we affirm the judgment.

We begin by assessing the timeliness of this appeal. The district court issued its order authorizing the Bureau of Prisons to apply the $5,000 toward restitution on January 11, 2018. That order is civil in nature, *see* 18 U.S.C. § 3613(a); *United States v. Lee*, 659 F.3d 619, 620–21 (7th Cir. 2011), so White had until March 12 (60 days) to appeal that decision, 28 U.S.C. § 2107(b). The deadline is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 212–13 (2007). The envelope that contained his notice of appeal has a date stamp (from his prison) of March 13, one day late.

As a prisoner, White may benefit from the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015). That rule, codified in Federal Rule of Appellate Procedure 4(c), treats an inmate's legal filings as submitted when properly deposited in the prison's mail system:

> If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this [rule]. If an inmate files a notice of appeal … the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and it is accompanied by a declaration in compliance with 28 U.S.C. § 1746 setting out the date of deposit and stating that first-class postage is being prepaid; or evidence [of the same].

FED. R. APP. P. 4(c)(1)(A). White told us in an unsworn statement that he placed his notice of appeal in the prison's legal mail on March 4. White repeated that message in his docketing statement, this time under penalty of perjury. He submitted one more statement, again unsworn, that his institution "does indeed have a system designed for legal mail. And [he] did indeed use said system to mail the notice of appeal …." (emphasis in original). The government initially responded that White did not declare under penalty of perjury that he used the legal mail system. After he did so in his docketing statement, the government added that White also needed to submit evidence corroborating his sworn statement.

We conclude that White's appeal is timely. As the appealing party, White must show that he appealed on time. *See May v. Mahone*, 876 F.3d 896, 898 (7th Cir. 2017). An inmate's sworn statement that his prison has a system for legal mail and that the notice of appeal was placed timely in that system ordinarily satisfies the prison mailbox rule. See *id.* at 899; *United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016); *Douglas v.*

*Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009); *Price v. Philpot*, 420 F.3d 1158, 1165–66 (10th Cir. 2005). The reason is that, because a prison's legal mail system verifies the date of dispatch, the prison may rely on the system to contest the inmate's sworn assertion. *See United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004). White swore that he put his notice of appeal in legal mail on March 4, and the government does not contradict him. Although the government contends that White needed to submit more evidence, the rule requires only a sworn statement *or* other evidence, not both. *See* FED. R. APP. P. 4(c)(1)(A).

Furthermore, White submitted evidence that the postage was prepaid, though he did not do so in an affidavit. We recognize that we have said that, to benefit from the prison mailbox rule, an inmate must swear that postage was prepaid. *See Craig*, 368 F.3d at 740. But that was before 2016, when the Rule was amended to permit other "evidence" of postage payment. *See* FED. R. APP. P. 4(c)(1)(A)(ii). White submitted other evidence to show that his postage was sufficient: a photocopy of the stamped envelope that accompanied his notice of appeal. "Mail received with postage due is not ordinarily accepted by the Bureau of Prisons." 28 C.F.R. § 540.21(h). We can infer, therefore, that when the Bureau accepted White's legal mail on March 4, as he attests, it bore adequate postage. White thus benefits from the prison mailbox rule, and his appeal is timely.

Assured of our jurisdiction, we conclude on the merits that the district court did not err in authorizing the Bureau of Prisons to allow the $5,000 in White's account to be applied toward his restitution obligation. The legal framework is straightforward. An order of restitution is a lien in favor of the United States on all of the defendant's property interests. 18 U.S.C. § 3613(c). In addition, a court may require the defendant to make a restitution payment upon a "material change in the defendant's economic circumstances." 18 U.S.C. § 3664(k). The district court's order was proper because it found that White's prison account (from which he can pull funds) had grown by over $5,000. White responds that the cash infusion to his account did not "change[] his economic circumstances," because his family sent him money only so he could pay fines that he owed Illinois. But an inmate who receives money from any source *must* apply it to restitution still owed, *see* 18 U.S.C. § 3664(n); the money from his family is not exempt, *see* 18 U.S.C. § 3613(a) (listing exemptions). Neither White's desire (or that of his family) that he use that money to pay off state fines instead of his restitution, nor his previous monthly payments toward restitution, negate the federal statute's mandate. *See United States v. Sayyed*, 862 F.3d 615, 618–19 (7th Cir. 2017).

Last, White argues that the court impermissibly infringed on the Bureau of Prison's authority to schedule his restitution payments. True, district courts ordinarily cannot override the Bureau of Prison's discretion about an inmate's payment schedule. *See In re Buddhi*, 658 F.3d 740, 742 (7th Cir. 2011). But the government may enforce a restitution order "by all … available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). And here, when the district court granted the government's motion to allow the Bureau to apply the $5,000 toward restitution, it merely "authorized" the Bureau of Prisons to deliver the money in White's account. So the court did not overstep its bounds.

AFFIRMED